IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JERRY JOE SIMPSON, JR., | | No. CIV S-07-2107-LKK-CMK-P |
| | Petitioner, | |
| | vs. | FINDINGS AND RECOMMENDATIONS |
| S. MOORE,[1] | | |
| | Respondent. | |
| _____/ | | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's amended petition for a writ of habeas corpus (Doc. 14).

Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief for two reasons. First, petitioner states that he pleaded no contest and the amended petition does not raise any claims

---

[1] The Clerk of the Court will be directed to update the caption to reflect that the respondent named in the amended petition is S. Moore.

relating to the validity of that plea.  A plea which is knowingly, intelligently, and voluntarily made, bars any right to later assert claims based on constitutional deprivations allegedly occurring prior to the plea.  See Lefkowitz v. Newsome, 420 U.S. 283, 288 (1975) (citing Brady v. United States, 397 U.S. 742 (1970); McMann v. Richardson, 397 U.S. 759 (1970); and Parker v. North Carolina, 397 U.S. 790 (1970)).  Thus, where the defendant enters a plea, he may only challenge whether the plea was valid (i.e., knowing, intelligent, and voluntary).  See Tollett v. Henderson, 411 U.S. 258, 267 (1973); see also Mitchell v. Superior Court for Santa Clara County, 632 F.2d 767, 769-70 (9th Cir. 1980).  Because petitioner does not raise any claims relating to the validity of the plea, he is not entitled to relief.

Second, in petitioner's most recent change of address notice, he states that he was released from custody in May 2008.  Therefore, it appears that this case is now moot and that relief is not available because he is no longer in custody.  See Burnett v. Lampert, 432 F.3d 996, 1001-02 (9th Cir. 2005).

Based on the foregoing, the undersigned recommends that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 11, 2009

**CRAIG M. KELLISON**  
UNITED STATES MAGISTRATE JUDGE