1

2

3

4

5

6

7

8  **IN THE UNITED STATES DISTRICT COURT**

9  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  JERRY JOE SIMPSON, JR.,                No. CIV S-07-2107-LKK-CMK-P

12          Petitioner,

13      vs.                                <u>ORDER</u>

14  S. MOORE,

15          Respondent.

16  _____/

17      Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas

18  corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate

19  Judge pursuant to Eastern District of California local rules.

20      On June 12, 2009, the Magistrate Judge filed findings and recommendations herein which

21  were served on the parties and which contained notice that the parties may file objections within

22  a specified time.  Timely objections to the findings and recommendations have been filed. In

23  accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court

24  has conducted a <u>de novo</u> review of this case.  Having carefully reviewed the entire file, the court

25  declines to adopt the findings and recommendations.

26      The Magistrate Judge recommended dismissal of petitioner's petition on the grounds that

1

1) petitioner had not asserted that his plea was invalid, thereby precluding him from any relief

under § 2254, and 2) because petitioner was released from custody after the filing of his petition,

his petition is moot. The court respectfully cannot agree with either analysis.

First, the Magistrate Judge was correct in stating that where a defendant has pled guilty

(or no contest), he may challenge the plea for not having been made knowingly, intelligently, or

voluntarily, but may not challenge the constitutionality of pretrial proceedings. See Lefkowitz v.

Newsome, 420 U.S. 283, 288 (1975). The Magistrate Judge concluded that because petitioner's

petition did not appear to attack the validity of his plea, it did not state a tenable basis for relief.

The court, respectfully, cannot agree. In his petition, petitioner states a claim for

ineffective assistance of counsel. Under Hill v. Lockhart, 474 U.S. 52, 58 (1985), a petitioner

may be entitled to habeas relief where he shows that his counsel's ineffective assistance resulted

in an involuntary plea. Although it is unclear from the petition precisely what petitioner alleges in

this claim, the court cannot conclude that it is plain from the face of the petition that petitioner is

not entitled to relief. See Federal Rules Governing Section 2254 Cases, Rule 4.

Second, a petition for habeas corpus does not become moot if the petitioner is released

from custody after its filing. The Supreme Court expressly addressed this in Spencer v. Kemna,

523 U.S. 1 (1998). There, it held,

> The District Court's conclusion that Spencer's release from prison caused his
> petition to be moot because it no longer satisfied the "in custody" requirement of
> the habeas statute was in error. Spencer was incarcerated by reason of the parole
> revocation at the time the petition was filed, which is all the "in custody"
> provision of 28 U.S.C. § 2254 requires.

Spencer, 523 U.S. at 7. It further held that the petitioner's release from custody did not offend

Article III's "case or controversy" requirement so long as it appeared that the petitioner could

suffer adverse collateral consequences as a result of the conviction. Id. at 7-14. Under

longstanding Circuit precedent, there is a presumption that any criminal conviction carries with it

1   collateral consequences. <u>See</u>, <u>e.g.</u>, <u>Chaker v. Crogan</u>, 428 F.3d 1215, 1219 (9th Cir. 2005);

2   <u>Chacon v. Wood</u>, 36 F.3d 1459, 1463 (9th Cir. 1994) <u>overruled on other grounds by</u> 28 U.S.C. §

3   2254(c); <u>Hirabayashi v. United States</u>, 828 F.2d 591, 605-606 (9th Cir. 1987).

4           The Magistrate Judge's reliance on <u>Burnett v. Lampert</u>, 432 F.3d 996 (9th Cir. 2005), on

5   this issue appears to be misplaced. In <u>Burnett</u>, the court considered the unusual circumstance in

6   which petitioner filed his habeas corpus petition while incarcerated, asserting that his parole was

7   unlawfully delayed. <u>Burnett</u>, 432 F.3d at 999. While his petition was pending, he was released on

8   parole and then reincarcerated as a result of a parole violation. <u>Id.</u> The Court of Appeals

9   concluded that, although petitioner's original incarceration and his reincarceration both flowed

10  from the same underlying conviction, "the two periods of time are not fungible." <u>Id.</u> at 1000. The

11  period of reincarceration had not resulted from the illegality alleged in petitioner's habeas corpus

12  petition; instead, it had resulted from his parole violation. <u>Id.</u> at 1000-1001. As such, the petition

13  had become moot. <u>Id.</u>

14          <u>Burnett</u> is not instructive here, as there is no indication that petitioner's petition would be

15  considered moot for any reason other than his release from incarceration. As explained above,

16  this is not a valid basis for denial of the petition. See <u>Spencer</u>, 523 U.S. at 7;  <u>Chaker</u>, 428 F.3d at

17  1219.

18          Accordingly, IT IS HEREBY ORDERED that:

19  1.    The court declines to adopt the June 12, 2009 findings and recommendations.

20  2.    The case is referred to the magistrate judge for proceedings consistent with this order.

21          IT IS SO ORDERED.

22          DATED: September 2, 2009.

23

24                                          LAWRENCE K. KARLTON
25                                          SENIOR JUDGE
                                            UNITED STATES DISTRICT COURT
26