IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY JOE SIMPSON, JR., | No. CIV S-07-2107-LKK-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| S. MOORE,[1] | |
| Respondent. | |
| _____/ | |

Petitioner, a former state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's amended petition for a writ of habeas corpus (Doc. 14).

On June 12, 2009, the court issued findings and recommendations that this action be summarily dismissed because petitioner pleaded no contest and raised no claims in the instant petition relating to the validity of that plea.  The court stated:

> . . .A plea which is knowingly, intelligently, and voluntarily made, bars any right to later assert claims based on constitutional deprivations allegedly occurring prior to the plea.  See Lefkowitz v.

---

[1] The Clerk of the Court will be directed to update the caption to reflect that the respondent named in the amended petition is S. Moore.

1

1   Newsome, 420 U.S. 283, 288 (1975) (citing <u>Brady v. United States</u>, 397
    U.S. 742 (1970); <u>McMann v. Richardson</u>, 397 U.S. 759 (1970); and <u>Parker
2   v. North Carolina</u>, 397 U.S. 790 (1970)).  Thus, where the defendant enters
    a plea, he may only challenge whether the plea was valid (i.e., knowing,
3   intelligent, and voluntary).  See <u>Tollett v. Henderson</u>, 411 U.S. 258, 267
    (1973); <u>see also</u> <u>Mitchell v. Superior Court for Santa Clara County</u>, 632
4   F.2d 767, 769-70 (9th Cir. 1980).  Because petitioner does not raise any
    claims relating to the validity of the plea, he is not entitled to relief.

On September 2, 2009, the District Judge issued an order disagreeing with this analysis. In the order, the District Judge stated:

> The court, respectfully, cannot agree.  In his petition, petitioner states a claim for ineffective assistance of counsel.  Under <u>Hill v. Lockhart</u>, 474 U.S. 52, 58 (1985), a petitioner may be entitled to habeas relief where he shows that his counsel's ineffective assistant resulted in an involuntary plea.  Although it is unclear from the petition precisely what petitioner alleges in this claim, the court cannot conclude that it is plain from the face of the petition that petitioner is not entitled to relief. (citation omitted).

The District Judge referred the matter back to the undersigned for further proceedings.

Given the District Judge's observation that it cannot be determined from the current amended petition whether petitioner's ineffective assistance of counsel claim relates to the validity of his plea, the court will dismiss the amended petition and provide petitioner an opportunity to amend to clarify his ineffective assistance of counsel claim.  Petitioner is cautioned that failure to file an amended petition within the time provided may result in dismissal of the entire action for lack of prosecution and failure to comply with court rules and orders.  See Local Rule 11-110.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. The amended petition (Doc. 10) is dismissed with leave to amend;

2. Petitioner shall file an amended petition consistent with the foregoing within 30 days of the date of this order; and

3. The Clerk of the Court is directed to send petitioner the court's form habeas corpus application.

DATED: October 1, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE